UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>FITNESS TRADE sp. z o.o., and<br>FITNESS TRADE sp. z o.o. sp. k.,<br>                             Defendants. | Case No.: 18-CV-2903-CAB-BLM<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>[Doc. No. 59] |

This matter is before the Court on a motion to set aside the default and to dismiss for lack of personal jurisdiction filed by Defendants Fitness Trade sp. z o.o. and Fitness Trade sp. z o.o. sp. k. (together, the "Fitness Trade Defendants"). The motion is fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, the motion to set aside the default is granted.

**I.      Background**

Plaintiff CrossFit, Inc. filed this lawsuit on December 28, 2018, naming an Ontario, Canada, corporation called Paleoethics, Inc. as the only defendant. The original complaint asserts claims for breach of contract and breach of the covenant of good faith and fair dealing, trademark infringement, and unfair competition. Paleoethics answered the complaint and filed a counterclaim, but its counsel subsequently withdrew without a

1

replacement, eventually resulting in the entry of default judgment. [Doc. No. 44.] Meanwhile, on June 5, 2019, Crossfit filed the operative first amended complaint ("FAC"), which added another Canadian company, a United Kingdom company, and a Polish company, along with the Fitness Trade Defendants, which are a Polish limited liability company, and a Polish limited partnership, respectively.[1] [Doc. No. 26.] The FAC made few unique factual allegations against these new defendants. Instead, the FAC simply defined all of the defendants together as "Paleoethics" based on a conclusory allegation that they were acting "as a joint venture, a partnership, and/or alter egos of one another." [*Id.* at ¶ 15.]

After receiving several lengthy extensions from the Court, Crossfit contends that it finally served the summons and FAC on the Fitness Trade Defendants via the Hague Convention on April 24, 2020 [Doc. No. 57], at which time much of the world, including Poland, was locked down due to the COVID-19 pandemic. [Doc. No. 59-2.] According to a declaration from the Fitness Trade Defendants' chief executive officer, no one received the Fitness Trade Defendants' mail during the lockdown, and he only discovered this lawsuit as a result of an internet search in June 2020. [*Id.*]

On July 21, 2020, the Clerk of Court entered the default of the Fitness Trade Defendants. [Doc. No. 58.] Nine days later, on July 30, 2020, the Fitness Trade Defendants filed the instant motion to set aside the default and to dismiss the claims against them for lack of personal jurisdiction. [Doc. No. 59.] Crossfit opposed the motion and filed a separate motion for jurisdictional discovery. [Doc. No. 62.] Both motions are now fully briefed.

**II.    Motion to Set Aside Default**

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "A court has broad discretion to set

---

[1] According to the FAC, Fitness Trade sp. z o.o. is a Polish limited liability company, and Fitness Trade sp. z o.o. sp. k. is a Polish limited partnership. [Doc. No. 26 at ¶¶ 9-10.]

aside an entry of default," and "[t]he standard for setting aside an entry of default is less rigorous than the standard for setting aside a default judgment." *Woodruff v. Mason McDuffie Mortg. Corp.*, No. 19-CV-04300-WHO, 2020 WL 4260740, at *2 (N.D. Cal. July 24, 2020) (citations omitted). "Where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (internal quotation marks, brackets, ellipses and citation omitted). Thus, the "rules for determining when a default should be set aside are solicitous towards movants." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (hereinafter, "*Mesle*").

Determining if good cause exists requires the court consider three factors: (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default would prejudice [the plaintiff]." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004) (citation omitted). The defendant bears the burden of establishing good cause for setting aside the default, and a district court is free to deny the motion if any of the three factors favor denial. *See id.* at 926.

As for the first consideration, if a defendant has received actual or constructive notice of the filing of the action and intentionally failed to answer, its conduct is culpable. *Franchise Holding II*, 375 F.3d at 926. "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092.

Here, Defendants were served with the summons and FAC, if at all, in Poland in the middle of an unprecedented global pandemic that resulted in much of the world, including Poland, to restrict the movements of their citizens. The Fitness Trade Defendants have

submitted a declaration that as a result of these movement restrictions, they never actually received the FAC and summons, regardless of whether it was properly served pursuant to the Hague Convention. [Doc. No. 59-2.]  In its opposition, Crossfit engages in a lengthy effort to discredit this declaration primarily on the grounds that the Fitness Trade Defendants may have been aware of this lawsuit since 2019.  Regardless of the Fitness Trade Defendants' awareness of the existence of this lawsuit, they had no obligation to respond until they were properly served.  Further, any nominal delays between when the Fitness Trade Defendants' discovery in June 2020 that service was effected on them and their appearance in this case is hardly evidence of intentional delay considering that they are Polish entities who needed to obtain California counsel, all while the global pandemic continues.  Accordingly, the Fitness Trade Entities did not engage in culpable conduct that led to the default.

As for the second consideration, to justify setting aside default, a defendant must present the court with specific facts that would constitute a defense. *Franchise Holding II*, 375 F.3d at 926.  Here, based on the briefing currently before the Court, the Fitness Trade Defendants' motion demonstrates that they have a meritorious defense of lack of personal jurisdiction.[2]  Accordingly, this factor is satisfied.

Finally, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.  Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *SMSW Enterprises LLC v. Halberd Corp.*, No. CV 13-1412 BRO (SPX), 2013 WL 12138732, at *4 (C.D. Cal. June 21, 2013) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)).  Here, setting aside a default that was entered just nine days before the motion to set it aside was

---

[2] Crossfit claims that the motion to dismiss for lack of personal jurisdiction is premature and that it did not provide a complete opposition to that aspect of the Fitness Trade Defendants' motion. Accordingly, the Court is allowing additional briefing before definitively ruling on the merits of the Fitness Trade Defendants' personal jurisdiction argument. However, based on the record currently before the Court, Crossfit has not satisfied its burden to establish personal jurisdiction over the Fitness Trade Defendants.

filed will have no impact on Crossfit's ability to pursue its claims against the Fitness Trade Defendants.

In sum, the Fitness Trade Defendants did not act intentionally in failing to respond to the FAC, they have demonstrated that they have a meritorious defense, and Crossfit will not be prejudiced if the default is set aside.  Accordingly, good cause exists to set aside the defaults that were entered against the Fitness Trade Defendants.

### III.    Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the motion to set aside the default is **GRANTED**, and the entry of default [Doc. No. 58] against the Fitness Trade Defendants is **VACATED**.  Although the Court is unpersuaded by the arguments in favor of personal jurisdiction that Crossfit made in its opposition to the instant motion, before ruling on that defense, the Court will allow the Fitness Trade Defendants to re-file a discrete motion to dismiss for lack of personal jurisdiction, and for Crossfit to oppose that motion. Accordingly, the Fitness Trade Defendants shall file a motion to dismiss for lack of personal jurisdiction by **September 11, 2020**.  Crossfit shall file its opposition by **September 25, 2020**, and the Fitness Trade Defendants may file their reply by **October 2, 2020**.  The Court will then take the motion under submission and issue a ruling in due course.[3]

It is **SO ORDERED**.

Dated:  September 2, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] The Court will rule on Crossfit's motion for discovery [Doc. No. 62] in conjunction with the Fitness Trade Defendants' motion to dismiss.